Julia Pirela de Figueroa, Appellant, *v.* Registrar of Property of Guayama, Respondent.

No. 1185. Submitted April 17, 1946.—Decided April 26, 1946.

*Luis Domínguez Rovira* for appellant.

Mr. Chief Justice Travieso delivered the opinion of the court.

Ramón Figueroa Martínez, while unmarried, acquired an urban property in the municipal district of Arroyo. In 1919 he contracted marriage with Esperanza Suárez, whom he divorced in 1921, without there being any children of the marriage.

After acknowledging a natural daughter, born in 1922, Figueroa married Julia Pirela, appellant herein, and out of this union there was born, in May 1928, a girl named Acacia Figueroa Pirela. Subsequently Figueroa died intestate, and the District Court of Guayama, by an order of December 6, 1945, declared as the sole and universal heirs of the deceased his two daughters "and the widowed spouse, Julia Pirela widow of Figueroa, in the usufructuary legal share."

Upon application being made to record the property in the name of the heirs of Figueroa, the registrar recorded it by a decision in which he stated:

"Subject to the usufructuary legal share belonging to the surviving spouse Julia Pirela widow of Figueroa, *and without prejudice to the usufructuary share which might belong to Esperanza Suárez,* divorced wife of the deceased, under the provisions of Section 761 of the Civil Code of Puerto Rico and the holding of the Supreme Court of Puerto Rico in the case of *Marxuach* v. *Registrar*, 57 P.R.R. 131." (Italics ours.)

The appellant seeks a reversal of the decision of the registrar as to the reservation it contains regarding "the usufructuary share which might belong to Esperanza Suárez, divorced wife of the deceased." She maintains that said decision is erroneous (1) because the noting of said reservation is equivalent to changing the order rendered by the District Court of Guayama in the declaration of heirship proceeding, which the registrar has no power to modify; and (2) because the decision of this court in *Marxuach* v. *Registrar*, 57 P.R.R. 131, relied on by the registrar, is not applicable herein.

■ In the order of December 6, 1945, the district court stated that, according to the evidence, Figueroa had married Esperanza Suárez, by whom he had no children; and that by a judgment of the same court said spouses were divorced on January 7, 1921. The lower court, with knowledge of those facts, declared as heirs of the decedent his acknowledged natural daughter, born subsequent to his divorce, and

his legitimate daughter, the issue of his marriage with Julia Pirela, appellant herein, and acknowledged in favor of the latter, as widow of Figueroa, the right to a usufructuary share in the estate. In other words, the district court held in effect that the only widow of Ramón Figueroa and as such entitled to the usufructuary share granted by law to a widowed spouse, was the appellant, that is the person who was the legitimate wife of the deceased at the time of his death; and the registrar, in our judgment exceeding his powers, declared in his decision that Esperanza Suárez, whom the decedent divorced 25 years ago, was also entitled to the usufructuary share pertaining to a widow.

We are of the opinion that the respondent registrar went beyond the limits provided by § 18 of the Mortgage Law and the construction placed upon the same by this court. *Inchausti* v. *Registrar,* 17 P.R.R. 566; *Cintrón* v. *Registrar,* 35 P.R.R. 737; *Heirs of Trías* v. *Registrar,* 59 P.R.R. 462, 469.

■ ■ The facts in *Marxuach* v. *Registrar, supra,* were entirely different from those involved herein. Marxuach and his wife were divorced. The suit for divorce was brought by her and the judgment was rendered in her favor as the innocent spouse. At the time Marxuach died in 1939, neither of the divorced spouses had remarried. After the three children born out of his marriage with the divorced wife had been declared his sole and universal heirs, the registrar recorded the declaration of heirship "without prejudice to the usufructuary share pertaining to the widow and divorced wife of the deceased." In an appeal taken by one of the heirs we affirmed the decision appealed from and held, to quote from the syllabus, that "a woman who has been divorced by the fault of her husband and who at the time of the latter's death has not remarried, is entitled to share in the inheritance of her former husband and to receive the usufructuary portion provided by Section 761 of the Civil Code (1930 ed.)." Said Section in its pertinent part reads thus:

"The widower or widow who, on the death of his or her spouse is not divorced, or should be divorced through the fault of the deceased spouse, shall have a right to a portion in usufruct equal to that corresponding by way of legal portion to each of the legitimate children or descendants who have not received any advantage or extra portion."

In *Ex parte Tormes*, 53 P.R.R. 396, the first wife of the deceased sued for and obtained a divorce on the ground of desertion, and then remarried. Upon the death of her divorced husband, Mrs. Tormes in a petition for a declaration of heirship requested that her claim to a usufructuary share in the estate be recognized under the said § 761. We held:

"The contention of the petitioner that she was the widow of the deceased at the time of the latter's death is untenable, for the further reason that at the time the petitioner had already contracted a new marriage and was the lawful wife of Guillermo Beauchamp. The appellant could not be at the same time a widow and a married woman."(Citing authorities.)

There is no doubt that if Figueroa had not remarried, his former wife, who retained her status as a divorced spouse, would have been entitled to the same rights which this court acknowledged in favor of the surviving divorced spouse in the *Marxuach* case, *supra*. But since the divorced husband, Figueroa, remarried and his second wife, appellant herein, survived him, is his first wife, whom he divorced, entitled to claim for her the status of widow of the deceased, and as such entitled to said usufructuary share? This question must be answered in the negative.

Section 761 of the Civil Code grants the right to the usufructuary share to one person only: "the widower or widow who, on the death of his or her spouse is not divorced, or should be divorced through the fault of the deceased spouse." In the *Marxuach* case, the status created by the decree of divorce remained unchanged until the time of the death of Marxuach, for neither the latter nor his divorced spouse had remarried. It was for this reason that his former

wife was in a position to claim the usufructuary share as a widow who, on the death of her former husband, held the status of a spouse divorced through the fault of the deceased spouse. In the instant case, Esperanza Suárez, the former wife, could not allege that she became a widow upon the death of Figueroa, for at that time he was married to the appellant. The latter is the only one who may claim the rights pertaining to the widow of the deceased. For us to hold the contrary would be to admit the legal possibility that a man might die leaving two or more widows.

The decision appealed from will be reversed as to the reservation of a usufructuary share made in favor of the divorced spouse.